Daniel L. Rottinghaus, California Bar No. 131949
Scott M. Mackey, California Bar No. 222217
Seema N. Kadaba, California Bar No. 304952
**BERDING & WEIL LLP**
2175 N. California Blvd, Suite 500
Walnut Creek, California 94596
Telephone:   925.838.2090
Facsimile:    925.820.5592
drottinghaus@berdingweil.com
smackey@berdingweil.com
skadaba@berdingweil.com

Gary A. Angel, California Bar No. 70006
**Law Offices of Gary A. Angel**
177 Post Street, Fifth Floor
San Francisco, CA 94108
Telephone:   415-788-5935
Facsimile:    415-788-5958
angelgary@aol.com

Attorneys for Plaintiffs
KEN AND MARLA SALTZSTINE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN AND MARLA SALTZSTINE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., a Bermuda corporation,<br><br>Defendant.<br>_____/ | No.<br><br>**COMPLAINT FOR DAMAGES**<br>   **1. Breach of Contract;**<br>   **2. Violation of Civil Code § 2100 et. seq.;**<br>   **3. Negligence; and**<br>   **4. Gross Negligence.**<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs, by and through their undersigned counsel, hereby sue Defendant, PRINCESS CRUISE LINES LTD. (hereinafter, "PRINCESS"), and allege as follows:

///

///

## PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $500,000.00 (Five Hundred Thousand Dollars) exclusive of interest, costs, and attorney's fees.

2. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. This Court also has Admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as this case involves a maritime tort. The type of incident and injuries suffered by Plaintiffs had the potential to impact maritime commerce as Plaintiffs were subjected to a serious risk of imminent harm as a result of being exposed to the Coronavirus running rampant aboard the cruise ship upon which they were paying passengers.

4. Plaintiff KEN SALTZSTINE, sui juris, is a resident of the city of El Sobrante, County of Contra Costa, in the State of California, and was a passenger onboard the Grand Princess.

5. Plaintiff MARLA SALTZSTINE, sui juris, is a resident of the city of El Sobrante, County of Contra Costa, in the State of California, and was a passenger onboard the Grand Princess. (KEN and MARLA SALTZSTINE shall collectively be referred to herein as "PLAINTIFFS".)

6. Princess Cruise Lines LTD. is incorporated in Bermuda, with its headquarters in Santa Clarita, California. The action is being filed in this Court pursuant to the terms and conditions of the Passenger Contract issued by Defendant, Princess Cruise Lines Ltd.

7. At all times hereto, PRINCESS owned and operated the cruise ship the Grand Princess.

8. This Court has personal jurisdiction over PRINCESS as PRINCESS' principle place of business is located in Los Angeles County, Los Angeles.

9. PRINCESS conducts substantial business within the state of California, including operating cruises from ports in San Francisco, San Diego, and Los Angeles.

10. PRINCESS markets cruise vacations to California residents and employs thousands of California residents to work at its California headquarters.

11. PLAINTIFFS were passengers aboard the Grand Princess which departed out of San Francisco on February 21, 2020 and had been quarantined on said ship through Tuesday, March 10, 2020, and then for an additional fourteen (14) days at Travis Air Force Base, as a result of an outbreak of COVID-19.

## FACTUAL BACKROUND

12. In the recent months, there has been a worldwide outbreak of a new strain of the Corona virus, commonly known as COVID-19. The virus began in China in December 2019, and has quickly spread throughout Asia, Europe and most recently, North America. The virus causes temperature, a dry cough, and can be fatal. There have been over Six Million cases worldwide and over Three Hundred Thousand deaths as a result of COVID-19. Those fatalities have largely been amongst the elderly population, and those with underlying medical complications.

13. COVID-19 gained the attention of the public when the Diamond Princess cruise ship, also owned and operated by PRINCESS, suffered an outbreak of the disease at the beginning of February 2020 in Yokohama, Japan. The outbreak began with ten cases, and rapidly multiplied to seven hundred cases, as a result of the flawed two-week quarantine on the ship. The Center for Disease Control, (CDC) issued a statement on February 18, 2020, that "the rate of new reports of positives new on board, (Diamond Princess), especially among those without symptoms, highlights the high burden of infection on the ship and potential for ongoing risk."

14. Having experienced such an outbreak on board one of its vessels less than a month prior to the voyage on board the Grand Princess, PRINCESS should have taken all necessary and reasonable precautions to keep its passengers, crew, and the general public safe. Unfortunately, PRINCESS failed to do so and PLAINTIFFS have been harmed due to PRINCESS' negligence.

## GENERAL ALLEGATIONS

15. PLAINTIFFS purchased for consideration from PRINCESS passenger tickets (Booking Reference CM6XWN). Said tickets provided that PLAINTIFFS would be passengers on board PRINCESS' vessel "GRAND PRINCESS" (vessel number A006), and that PRINCESS

would be a common carrier and provide transportation for PLAINTIFFS, and transport PLAINTIFFS from San Francisco to Hawaii, then Mexico, and back to San Francisco. Said passenger tickets were provided from PRINCESS to PLAINTIFFS. The duration of the trip was to be from February 21, 2020 through March 7, 2020.

16. On or about February 21, 2020, PLAINITFFS boarded the vessel and became passengers on said vessel. PLAINTIFFS are informed and believe and thereon allege that PRINCESS should not have allowed any person to board the vessel based on the level of illness on the previous cruise. PRINCESS knew or should have known that individuals were sick on the vessel's previous cruise and should not have had any passengers board this vessel and should not have embarked on this trip due to the high risk of infection from COVID-19.

17. PLAINTIFFS are both diabetic and over the age of sixty-five, placing them in the high risk category, and were quarantined for four and a half days on the vessel with sporadic mealtimes, which resulted in varying sugar levels and physical harm to PLAINTIFFS. Moreover, PLAINTIFFS ordered extra medication on the vessel, which was promised but never received, resulting in physical harm to PLAINTIFFS.

18. Although the original disembarkation was to be March 7, 2020, PLAINTIFFS did not disembark until March 10, 2020 and their temperatures were not taken until they were off the vessel. Moreover, PRINCESS then provided bussing services to Travis Air Force Base, without following any social distancing requirements, thereby failing to ensure the safety of its passengers, including PLAINTIFFS.

19. Once PLAINTIFFS arrived at Travis Air Force Base, they were put into a fourteen (14) day mandatory Center for Disease Control quarantine. However, this was not accomplished given that the meals were given in the lobby area all together. The testing for COVID-19 that occurred was disjointed and mismanaged, and evacuees were not provided with temperature tests in an orderly fashion.

20. As a result of PRINCESS' breach of its contractual duties, as well as the duties owed as a common carrier, and as a result of its negligence and carelessness, PLAINTIFFS sustained personal injuries.

21. As a direct, legal, and proximate result of PRINCESS' carelessness, negligence, breach of duty, and breach of contract of carriage, PRINCESS has caused PLAINTIFFS to sustain injuries and damages, medical care, pain and suffering, residual disability, continuing medical care, and future pain and suffering which will continue and which has caused PLAINTIFFS significant damages.

## COUNT I

### (Breach of Contract)

22. PLAINTIFFS re-allege all allegations in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. By and through the purchase of a ticket PLAINTIFFS and PRINCESS entered into a contract whereby PRINCESS was to perform certain duties in exchange for the monies received from PLAINTIFFS.

24. PLAINTIFFS performed all duties required of them under the contract.

25. PRINCESS breached the contract by failing to warn PLAINTIFFS of the risk of COVID-19, improperly disembarking despite knowing the risk, and disregarding the safety and health of PLAINTIFFS on board, as well as during the transportation to and relative to the time at Travis Air Force Base.

26. As a direct and proximate result of PRINCESS' breach, PLAINTIFFS have been damaged in an amount to be shown according to proof at trial.

27. WHEREFORE, PLAINTIFFS pray for judgment against PRINCESS as set forth below.

## COUNT II

### (Violation of Civil Code § 2100 et seq.)

28. PLAINTIFFS re-allege all allegations in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. PRINCESS owed a duty of utmost care of a very cautious person towards its passengers as well as a duty of vigilance of a very cautious person towards its passengers. PRINCESS is responsible for any, even the slightest, negligence and is required to do all that

human care, vigilance, and foresight reasonably can do under all the circumstances. PRINCESS was under a duty to use reasonable skill to provide everything necessary for safe transportation. Based on a recognition that the privilege of serving the public as a common carrier necessarily entails great responsibility, requiring common carriers to exercise a high duty of care towards their customers is necessary.

30. PRINCESS breached the duty owed to PLAINTIFFS by allowing the vessel to disembark, despite the known risk of infection from the outbreak of COVID-19 on the previous ship. Moreover, PRINCESS breached the duty of a common carrier by failing to adequately warn its passengers, including PLAINTIFFS of the risk of infection, despite being fully aware of the previous infection rate. PRINCESS further breached this duty by failing to ensure the safety of its passengers, including PLAINTIFFS, while on board the vessel, during the transportation to Travis Air Force Base, and throughout the subsequent quarantine.

31. As a direct and proximate result of PRINCESS' breach of its duty as a common carrier, PLAINTIFFS have been harmed and PRINCESS caused PLAINTIFFS to sustain injuries and damages, including being quarantined away from their home at Travis Air Force Base, as well as medical care, pain and suffering, residual disability, continuing medical care, and past and future pain and suffering, which will continue and which has caused PLAINTIFFS significant damages.

32. WHEREFORE, PLAINTIFFS pray for judgment against PRINCESS as fully set forth below.

## COUNT III

**(Negligence)**

33. PLAINTIFFS re-allege all allegations in paragraphs 1 through 32, inclusive, as though fully set forth herein.

34. PRINCESS owed PLAINTIFFS, who were paying passengers that boarded the vessel, the duty to ensure that they would not be exposed to unreasonable risk of harm that PRINCESS knew or should have known about while sailing on its vessel.

///

35. PRINCESS breached its duty in that it had knowledge that at least one of its passengers from the prior voyage who disembarked February 21, 2020 had symptoms of coronavirus, and yet decided to continue sailing the voyage that began on February 21, 2020 with another three thousand passengers on an infected ship.

36. Specifically, PRINCESS was aware of at least two passengers who disembarked its ship on February 21, 2020 in San Francisco had symptoms of the coronavirus. It went as far as to send emails on February 25, 2020 to passengers who boarded the vessel, notifying them of the potential of exposure to the coronavirus while onboard their cruise.

37. There are at least sixty-two passengers on board the PLAINTIFFS' cruise, who were also on the prior voyage, who were exposed to the passengers that were confirmed to be infected, and later died.

38. In continuing to sail with another three thousand passengers, including PLAINTIFFS on February 21, 2020, knowing that some of those passengers and crew had already been exposed to COVID-19, PRINCESS exposed PLAINTIFFS to an actual risk of immediate physical injury and a fear of contracting COVID-19, especially given that PLAINTIFFS are both in the high risk category group.

39. PRINCESS was further negligent in failing to have proper screening protocols for COVID-19 prior to boarding the passengers on the vessel. Despite the knowledge and experience it had with the outbreak on the Diamond Princess three weeks prior, PRINCESS did not have proper screening protocol in place to minimize the risk of exposure of the disease to its passengers and crew.

40. Prior to boarding the vessel, passengers were only asked to fill out a piece of paper confirming they were not sick. No passengers were examined in any capacity. Moreover, out of those sixty-two passengers or crew members who were infected, none were examined during the voyage until being tested for the virus on Thursday March 5, 2020, two weeks after the ship sailed.

41. As a result of the Defendant's failure to ensure the safety of PLAINTIFFS, its passengers, and crew aboard the vessel, including PLAINTIFFS, have been damaged.

42. Moreover, PRINCESS was negligent in failing to adequately warn PLAINTIFFS about the potential exposure to COVID-19 prior to boarding the ship on February 21, 2020, and again during the voyage. PRINCESS had actual knowledge of at least two passengers who sailed on its ship the week prior, disembarked with symptoms of coronavirus, and one confirmed death as a result. PRINCESS also knew that there were sixty-two passengers and crew who were onboard that same sailing and failed to inform PLAINTIFFS at any time prior to boarding or while they were already onboard, that there was a high risk of exposure to COVID-19. In addition, PRINCESS failed to inform PLAINTIFFS that a crew member aboard their cruise disembarked in Hawaii as a result of coronavirus.

43. If PLAINTIFFS had knowledge of this actual risk of exposure prior to boarding, they would have never boarded the ship. If they were informed of the risk on February 25, 2020, when the former passengers were notified by email, PLAINTIFFS would have disembarked at the first port of call in Honolulu on February 26, 2020. Due to PRINCESS' negligence in failing to warn PLAINTIFFS of the actual risk of exposure to COVID-19 aboard its infected ship, PLAINTIFFS were quarantined in their cabin, without access to meals to properly control their diabetes, along with the rest of the passengers and crew, off the coast of San Francisco, anxiously awaiting their fate, until they were transferred to Travis Air Force Base where they remained quarantined and, due to a lack of organization, were further at risk.

44. As a direct and proximate result of this negligence of PRINCESS, in exposing them to actual risk of immediate physical injury, PLAINTIFFS suffered and continue to suffer from emotional distress, are traumatized from the experience, and this emotional harm will continue to plague them. PRINCESS caused PLAINTIFFS to sustain injuries and damages, medical care, pain and suffering, residual disability, continuing medical care, and future pain and suffering which will continue and which has caused PLAINTIFFS significant damages.

45. WHEREFORE, PLAINTIFFS pray for judgment against PRINCESS as set forth below.

///

///

## COUNT IV

### (Gross Negligence)

46. PLAINTIFFS re-allege all allegations set forth in paragraphs 1 through 45, inclusive, as though fully set forth herein.

47. PRINCESS' conduct in deciding to allow PLAINTIFFS to board the vessel and continue to sail with PLAINTIFFS on board, knowing that the ship was infected from two previous passengers who came down with symptoms of COVID-19, and had sixty-two passengers on board with PLAINTIFFS who were previously exposed to those two infected individuals, along with the prior crew, shows a lack of any care on the part of PRINCESS, and a complete disregard for the safety of PLAINTIFFS, amounting to gross negligence.

48. PRINCESS knew how dangerous it was to expose PLAINTIFFS and the rest of its passengers to COVID-19 in light of its experience with the Diamond Princess three weeks prior. However, PRINCESS departed from what a reasonably careful cruise line would do under the circumstances in allowing PLAINTIFFS to board and continuing to sail with PLAINTIFFS despite these grave risks.

49. Moreover, PRINCESS' conduct in failing to warn PLAINTIFFS of their actual risk of harm in being exposed to COVID-19, either prior to boarding or while they were already on board, in light of the prior passenger who came down with symptoms who ended up dying, along with others who came down with symptoms from that prior voyage, and the crew member who disembarked during this voyage from the virus, amounts to an extreme departure of what a reasonably careful cruise line would do.

50. PRINCESS chose to place profits over the safety of its passengers, crew, and the general public in continuing to operate business as usual, despite their knowledge of the actual risk of injury to PLAINTIFFS.

51. WHEREFORE, PLAINTIFFS pray for judgment against PRINCESS as set forth below.

///

///

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

COMPLAINT FOR DAMAGES

# PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against PRINCESS, as follows:

1. For damages in an amount according to proof for PLAINTIFF's personal injuries, medical care, in the form of general and special damages, in an amount according to proof, but in excess of $500,000.00.

2. An award of compensatory damages allowed by contract, law, and equity in an amount according to proof;

3. Pre-judgment and post-judgment interest on all sums awarded, at the maximum legal rate;

4. Damages for investigation costs and expenses and for dispute resolution facilitators, special masters, discovery referee, and technical fees and costs as provided by law;

5. Costs, including attorneys' fees, incurred in this action as provided by statute, contract, or common law; and

6. For such other and further relief as the Court may deem just and proper.

Date: June 4, 2020  **BERDING & WEIL LLP**

By:_____
    Daniel L. Rottinghaus
    Scott M. Mackey
    Seema N. Kadaba
    Attorneys for Plaintiffs
    KEN AND MARLA SALTZSTINE

Date: June 4, 2020  **LAW OFFICES OF GARY A. ANGEL**

By:_____/S/_____
    Gary A. Angel
    Attorneys for Plaintiffs
    KEN AND MARLA SALTZSTINE

4838-8969-5933, v. 1

BERDING & WEIL, LLP
2175 N California Blvd Suite 500
Walnut Creek, California 94596

COMPLAINT FOR DAMAGES