UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04997-RGK-SK | Date | December 16, 2020 |
|---|---|---|---|
| Title | *Ken Saltzstine et al v. Princess Cruise Lines Ltd.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss the Second Amended Complaint [DE 44]

## I. INTRODUCTION

This case arises out of the COVID-19 outbreak on the *Grand Princess*, a cruise ship operated by Princess Cruise Lines, Ltd. ("Princess Cruises" or "Defendant"). The *Grand Princess* departed out of San Francisco for Hawaii on February 21, 2020, during the early days of the COVID-19 pandemic in America. Eventually, many people on the ship tested positive for COVID-19.

Plaintiffs Ken Saltzstine and Marla Saltzstine (collectively, "Plaintiffs") were passengers on the *Grand Princess*. They were quarantined on the ship for four days before being placed in another fourteen-day quarantine at Travis Air Force Base. On August 10, 2020, Plaintiffs filed a First Amended Complaint ("FAC") bringing claims for: 1) breach of contract; 2) negligence; and 3) gross negligence. Defendant filed a Motion to Dismiss the FAC, and the Court granted the Motion with leave to amend on October 23, 2020. Plaintiff subsequently filed a Second Amended Complaint ("SAC") alleging: 1) breach of contract and 2) negligence.

Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' SAC. For the following reasons, the Court **GRANTS** Defendant's Motion.

## II. FACTUAL BACKGROUND

Plaintiffs' SAC alleges the following:

Plaintiffs were passengers aboard the *Grand Princess*. Due a COVID-19 outbreak on the ship, Plaintiffs had to be quarantined in their rooms. Plaintiffs are both diabetic and require regular mealtimes and medication to control their medical condition. Defendant, as the operator of the *Grand Princess*, owed a duty to Plaintiffs to provide them with access to regular meals and medication while on the ship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04997-RGK-SK | Date | December 16, 2020 |
|---|---|---|---|
| Title | *Ken Saltzstine et al v. Princess Cruise Lines Ltd.* | | |

Defendant breached this duty in two ways. First, Defendant delivered Plaintiffs their food hours after they had requested it. And, on multiple occasions, the food Plaintiffs received was high in sugar. The untimely delivery along with the food's sugary quality exacerbated Plaintiffs' diabetic condition.

Second, Defendant breached its duty by failing to provide Plaintiffs with their requested medication. When purchasing their tickets, Plaintiffs had advised Defendant that they were diabetic, which required six different prescription medications. But when Plaintiffs ordered these medications, Defendant never delivered them. This led to increased distress and anxiety as Plaintiffs' diabetes worsened.

Due to Defendant's negligence, Plaintiffs suffered physical pain, emotional distress, and require continuing medical care.

**III.   JUDICIAL STANDARD**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**IV.   DISCUSSION**

  **A.   Negligence Claim**

The Court begins with Plaintiff's negligence claim.

UNITED STATES DISTRICT COURT JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04997-RGK-SK | Date | December 16, 2020 |
|---|---|---|---|
| Title | *Ken Saltzstine et al v. Princess Cruise Lines Ltd.* | | |

"To satisfy the burden of proof in a negligence action, plaintiff must show: (1) that defendant owed plaintiff a duty; (2) that defendant breached that duty; (3) that this breach was the proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages." *Mumford v. Carnival Corp.* 7 F. Supp. 3d 1243, 1247 (S.D. Fla. 2014). Under maritime law, a shipowner owes a duty of "reasonable care under the circumstances of each case" to its passengers. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959).

Here, Plaintiffs allege that Defendant had a duty to deliver Plaintiffs' food at "regular" mealtimes. On a ship with hundreds of other passengers, Defendant's duty was to provide passengers with food at reasonable times. Plaintiffs have not identified caselaw which extends that duty any further, and there no allegations that Defendant failed to provide Plaintiffs food at all. Nor do Plaintiffs aver that Defendant assumed a duty to provide meals at specified times by promising to accommodate Plaintiffs' request. Thus, Defendant did not have a duty to provide food at Plaintiffs' designated time.

Next, Plaintiffs aver that Defendant had a duty to provide them with low-sugar foods. This allegation also fails. Plaintiffs have only averred that they "advised [Defendant] of their diabetic conditions during the booking process." (SAC ¶ 45). There are no allegations that Defendant undertook such a duty by promising to accommodate their dietary restrictions. Passengers are free to advise common carriers of many conditions, ailments, and needs. But that does not require the carriers to indulge every request.

Finally, Plaintiffs allege that Defendant had a duty to provide them with their requested diabetes medication. But again, Plaintiffs do not aver that Defendant accepted that duty by promising to carry Plaintiffs' medication on the ship. Plaintiffs argue in their Opposition that Defendant had a duty to "provide aid in some form." (Opp'n at 6, ECF No. 49). Yet Plaintiffs do not explain why the "aid" requires Defendant to provide Plaintiffs with six different medications. Plaintiffs have therefore failed to allege that Defendant owed Plaintiffs a duty to provide them with their medication.

Accordingly, Plaintiffs have not alleged that Defendant owed a cognizable duty that could give rise to Plaintiffs' negligence claim. As Plaintiffs have already been granted leave to amend, the Court dismisses Plaintiffs' negligence claim with prejudice.

**B. Breach of Contract Claim**

A *prima facie* case of breach of contract under maritime law requires: (1) the existence of a contract between the plaintiff and the defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach. *See, e.g., OOCL (USA) Inc. v. Transco Shipping Corp.*, 2015 WL 9460565, at *4 (S.D.N.Y. 2015) (applying maritime law).

UNITED STATES DISTRICT COURT    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04997-RGK-SK | Date | December 16, 2020 |
|---|---|---|---|
| Title | *Ken Saltzstine et al v. Princess Cruise Lines Ltd.* | | |

Plaintiffs allege that Defendant "breached the contract by failing to provide PLAINTIFFS with regular access to meals and necessary medication" and point to Section 8 of the passage contract. (SAC ¶ 33). The pertinent portion of Section 8 states:

> Due to the risks inherent in travel by sea, as described in Section 4 of this Passage Contract, if You have any special medical, physical or other requirements, You, Your travel agent, or any person booking on Your behalf is requested to inform Carrier in writing at the time of booking of any special need or other condition for which You or any other person in Your care may require medical attention or accommodation during the Cruise, or for which the use of a wheelchair or service animal is contemplated or necessary. If any such special need or condition arises after You have booked the Cruise, You are requested to report it in writing to Carrier as soon as You become aware of it. Guests acknowledge and understand that certain international, foreign or local safety requirements, standards, and/or regulations involving design, construction or operation of the vessel, docks, gangways, anchorages or other facilities on or off the vessel may restrict access to facilities or activities for persons with mobility, communication or other impairments or special needs.

Passage Contract at 10–11, ECF No. 41-1.

Plaintiffs misread Section 8 of the passage contract. It does not state that Defendant would or could accommodate all passengers' requests; it only asks that passengers notify Defendant about any special needs or condition. Because the passage contract does not promise that Defendant would provide "regular access to meals and necessary medication," Defendant did not breach the passage contract. Thus, Plaintiff has not alleged a breach of contract claim. The Court has already granted Plaintiffs leave to amend and therefore dismisses Plaintiffs' breach of contract claim with prejudice.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion **with prejudice**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre |